UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK E. BIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02660-TWP-DML |
| | ) | |
| PERTORIUS, | ) | |
| ROBBERT CARTER, JR., | ) | |
| JEREMY JONES, | ) | |
| CHUSHINGBERRY, | ) | |
| SHWAB, | ) | |
| CHASITY PLUMMER LONG, | ) | |
| O-DELL, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISCUSSING PLEADINGS AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court for screening of a civil rights complaint filed by Defendant Mark Biddle (Mr. Biddle"). In his original complaint filed on October 14, 2022, Mr. Biddle alleges that he was attacked by an officer at Plainfield Correctional Facility (PCF) and then deprived of essential medical care for the serious injury that resulted. (Dkt. 1). Mr. Biddle later filed an amended complaint that provides additional allegations concerning his medical care but does not include the allegations set out in his original complaint. (Dkt. 14). Because Mr. Biddle is a prisoner, the Court must screen his complaint before it can issue process on the defendants. 28 U.S.C. § 1915A.

### I. Screening Standard

The Court must dismiss a complaint, or any portion of it, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether a complaint states a claim, the Court applies

the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes Mr. Biddle's pro se pleadings

liberally and holds them to a less stringent standard than formal pleadings drafted by

lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaints

Mr. Biddle asserts claims for damages against seven defendants under 42 U.S.C. § 1983:

Indiana Department of Correction (IDOC) Commissioner Robert Carter, PCF Warden Pretorius,[1]

Jeremy Jones, Officer Chushingberry, Sergeant Shwab, Nurse Chasity Plummer Long, and

Sergeant O-Dell. His claims are based on the following allegations.

On July 27, 2021, Officer Chushingberry kicked Mr. Biddle in the leg and pushed his head

into a wall. Mr. Biddle suffered injuries to his head and leg, including significant vision loss in his

right eye.

Despite his serious injuries, Mr. Biddle did not see an eye doctor until September 14, 2021,

at PCF. The eye doctor told Mr. Biddle he needed to be seen by a specialist or taken to the hospital

urgently. He was finally taken to a hospital on September 17, 2021. Mr. Biddle spoke to

Nurse Plummer-Long about the urgency of his condition on September 15 and 16 but was provided

no relief.

---

[1] Mr. Biddle identifies this defendant as Warden *Pertorius*, but the Court takes notice that Tricia Pretorius is the Warden of PCF. IDOC, *Plainfield Correctional Facility*, https://www.in.gov/idoc/find-a-facility/adult-correctional-facilities/plainfield-correctional-facility/ (last visited Apr. 19, 2022).

At the hospital, a specialist informed Mr. Biddle that his retina was detached and he would need surgery to regain any vision. Even so, some vision would be permanently lost—a situation that could have been avoided if he had been treated more promptly.

Mr. Biddle had his surgery on October 7, 2021. Shortly thereafter, he stopped receiving the medications the surgeon prescribed for his recovery, and he still has not been taken to a follow-up appointment with the surgeon. In December 2021, Mr. Biddle began experiencing severe vision problems in his left eye, but he was not treated or taken to the hospital.

### III. Discussion of Claims

Mr. Biddle's allegations support plausible Eighth Amendment claims against Officer Chushingberry (for attacking him) and against Nurse Plummer Long (for deliberate indifference to his serious medical needs). However, these claims cannot proceed together in this action because claims concerning Officer Chushingberry's attack and Nurse Plummer-Long's medical care do not involve a common question of law or fact. Fed. R. Civ. P. 20(a)(2). Additionally, the Court cannot sever the claims into separate actions because allegations concerning Nurse Plummer-Long are split over two documents, so there is not one complaint that sets out Mr. Biddle's complete medical care claim. *See, e.g.*, *Beal v. Beller*, 847 F.3d 897 (7th Cir. 2017) ("[O]nce an amended complaint is filed, the original complaint drops out of the picture.").

Claims against the remaining defendants are **dismissed** for **failure to state a claim** upon which relief may be granted. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Thus, "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal

quotation omitted). Neither complaint includes any allegations that these defendants have been personally responsible for or involved in harming Mr. Biddle or depriving him of medical care.

### IV. Further Proceedings

Claims against the following defendants are **dismissed**, and the **clerk is directed** to **terminate** them from the docket: Warden Pretorius, Robert Carter, Jr., Jeremy Jones, Sergeant Shwab, and Sergeant O-Dell.

Mr. Biddle will have **through May 20, 2022**, to notify the Court whether he wishes to proceed in this case with Eighth Amendment claims against Officer Chushingberry or Nurse Plummer-Long.

If Mr. Biddle chooses to proceed with claims against Officer Chushingberry in this action, the Court will strike the amended complaint, issue process to Officer Chushingberry, and direct him to answer the original complaint. Mr. Biddle may then choose to file a new action asserting his medical care claims in a single complaint. If Mr. Biddle does not respond to the Court's order in the time provided, it will take this approach.

If Mr. Biddle chooses to proceed with medical care claims in this action, he must also file a second amended complaint setting forth his medical care claims, all allegations supporting them, and all defendants responsible for them. It must be labeled with the case number for this action, no. 1:21-cv-02660-TWP-DML. If he chooses this approach, Mr. Biddle may also ask the Court to open a new action based on his claims against Officer Chushingberry and redocket his original complaint there.

If Mr. Biddle asks the Court to open a second case, he will be required to pay the filing fee or obtain leave to proceed without doing so, and his complaint in the new action will be screened pursuant to § 1915A.

**IT IS SO ORDERED.**

Date: 4/20/2022

Distribution:

MARK E. BIDDLE
184688
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana