# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| MARK E. BIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02660-TWP-KMB |
| | ) | |
| CUSHINGBERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendant Cushingberry's ("Officer Cushingberry")
Partial Motion to Dismiss Plaintiff's state-law claims pursuant to Federal Rule of Civil Procedure
12(b)(6) and the Indiana Tort Claims Act (ITCA). (Dkt. 78). Plaintiff Mark Biddle's ("Biddle")
Second Amended Complaint asserts claims under the Eighth Amendment and Indiana torts of
assault, battery, and negligence. (Dkt. 69). For the following reasons, the motion is **denied**.

### I. Legal Standard

Rule 12(b)(6) allows a defendant to move to dismiss a complaint, or part of a complaint,
that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When
deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations
in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550
F.3d 632, 633 (7th Cir. 2008).

The complaint must contain a "short and plain statement of the claim showing that the
pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United
States Supreme Court explained that the complaint must allege facts that are "enough to raise a
right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual

allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* "[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## II.  Facts

On July 27, 2021, Biddle retrieved his sack lunch from the dining hall. Dkt. 69 at ¶¶ 8, 10. He was prescribed a lunch specific to his dietary needs but was given a standard sack lunch. *Id.* at ¶ 11. Biddle informed the inmate distributing the lunches of the mistake and handed his identification card through the window. *Id.* at ¶ 12.

Officer Cushingberry yelled at Biddle from across the dining hall and ordered him to return to his housing unit. *Id.* at ¶ 13. Officer Cushingberry approached Biddle and demanded his identification card. *Id.* at ¶ 14. When Biddle replied that he had given his card to the kitchen worker, Officer Cushingberry pinned him against a window. *Id.* at ¶¶ 14–15.

While Biddle was pinned against the window, the kitchen worker placed his lunch and identification card on a nearby ledge. *Id.* at ¶ 17. Biddle attempted to pick them up and return to his housing unit as Officer Cushingberry instructed. *Id.* at ¶ 18. As Biddle turned to leave, Officer Cushingberry kicked him in the leg, causing him to fall and hit his head on the wall. *Id.* at ¶ 19.

Biddle suffered serious injuries as a result, and Officer Cushingberry offered no assistance. *Id.* at ¶¶ 19–20.

### III. Analysis

Officer Cushingberry argues exclusively that he is immune from Biddle's state-law claims under the ITCA, which provides in part that "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). However, the ITCA also states that a suit may proceed against a government employee in his individual capacity if it alleges "that an act or omission of the employee" was "malicious" or "willful and wanton." Ind. Code §§ 34-13-3-5(c)(3), (c)(4). The second amended complaint's allegations that Officer Cushingberry pinned Biddle against a window, kicked him, caused him to fall and hit his head, and then offered no assistance—all under circumstances that did not require any use of force at all—support a reasonable inference that his conduct was malicious or willful and wanton.

Indeed, Officer Cushingberry's motion to dismiss implies that the complaint supports a reasonable inference of malice or willful wantonness. Officer Cushingberry does not move to dismiss Biddle's Eighth Amendment claims, which are synonymous with allegations of malice and wantonness. *See, e.g.*, *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (Under the Eighth Amendment, a "punishment must not involve the unnecessary and wanton infliction of pain."); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'") (quoting *Gregg*, 428 U.S. at 173).

Officer Cushingberry's brief devotes only three sentences to the ITCA's exceptions but appears to contend that § 34-13-3-5(b) offers absolute immunity to a government employee for

3

acts within the scope of his employment—even for conduct that is malicious, willful and wanton, or otherwise within the scope of § 34-13-3-5(c):

> Any attempt by Plaintiff to use the exceptions to Indiana Code 34-13-3-5(b) contained in Indiana Code 34-13-3-5(c) to avoid dismissal of the state law claims is futile. Plaintiff alleges that Mr. Cushingberry acted with actual malice and was "willful and wanton." (Dkt. 69 at ¶ 31). But this interpretation of the ITCA has been foreclosed by the Seventh Circuit's decision in *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). *See Doe v. Gray*, No. 3:20-CV-129 DRL-MGG, 2020 WL 3868702, at *2 (N.D. Ind. July 8, 2020) (citing *Cantero v. Indiana*, 2018 WL 5961725 (N.D. Ind. Nov. 13, 2018) (Miller, J.) ("[e]ven if that is a reasonable interpretation of Ind. Code § 34-13-3-5(c), the court of appeals has foreclosed it")).

Dkt. 79 at 5.

Biddle responds that Officer Cushingberry interprets *Ball* too broadly, and the Court agrees.

*Ball* did not hold that a state actor is absolutely immune from suit in his individual capacity for conduct within the scope of his employment. Rather, the Seventh Circuit in *Ball* acknowledged the ITCA's scope-of-employment immunity and considered in dictum that the scope-of-employment immunity *may* be absolute: "We are less concerned with the adequacy of Ball's factual allegations . . . than with the question of whether Jones is amenable to suit at all on these claims. Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." 846 F.3d at 645. Ultimately, though, the Seventh Circuit left the question unresolved and found state tort claims properly dismissed for the simpler reason that, on appeal, "Jones' claim of immunity under the [ITCA] . . . has gone unanswered." 760 F.3d at 644–45.

In short, *Ball* shows some support for Officer Cushingberry's interpretation of the ITCA. But that support is found only in dictum and does not "foreclose" Biddle's state-law claims as Officer Cushingberry contends.

Other decisions of the Seventh Circuit and Indiana's federal courts also stop short of resolving the immunity issue in Officer Cushingberry's favor. *Ball* cited *Julian v. Hanna*, 732 F.3d

842 (7th Cir. 2013), which discussed immunity under the ITCA, but not § 34-13-3-5(b)'s scope-of-employment immunity or § 34-13-3-5(c)'s exceptions. Mr. Cushingberry cites two Northern District of Indiana cases that interpret *Ball* as extinguishing all individual-capacity claims based on actions within the scope of the defendant's employment, regardless of whether the exceptions apply. *See* dkt. 79 at 5. But those decisions do not bind this Court, and they do not stand alone. Indeed, post-*Ball* rulings in this Court and the Northern District have interpreted malicious or willful-and-wanton conduct as exceptions to the ITCA's scope-of-employment immunity. *See, e.g.*, *Johnson v. Galipeau*, No. 3:21-cv-00337-DRL-MGG, 2022 WL 504539, at *7 (N.D. Ind. Feb. 18, 2022) (citing *Ball*, 760 F.3d at 645);[1] *Mitchum v. City of Indianapolis*, No. 1:19-cv-02277-DLP-JPH, 2021 WL 2915025, at *15 (S.D. Ind. July 12, 2021);[2] *Wayne v. City of Lake Station*, No. 2:17-cv-00476-TLS-JEM, 2020 WL 405675, at *5 (N.D. Ind. Jan. 24, 2020).[3]

Finally, the Indiana Court of Appeals has interpreted § 34-13-3-5(c) as an exception to § 34-13-3-5(b)'s scope-of-employment immunity:

> *In general*, a plaintiff may not maintain an action against a government employee if that employee was acting within the scope of his employment. IND. CODE § 34–13–3–5(a).[4] *To sue a government employee personally*, the plaintiff "must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly

---

[1] "Mr. Johnson's claim of battery falls outside the protections of the ITCA because he advances facts that plausibly establish, at least at this early pleading stage, that Officer Brown's conduct was willful and wanton. Mr. Johnson alleges Officer Brown pushed him while handcuffed into a concrete pillar, threw him onto his bunk, and twisted his wrists. This factual basis reasonably supports Mr. Johnson's allegation that Officer Brown's conduct was willful and wanton."

[2] "These disputed facts precluded summary judgment on qualified immunity grounds, and the same analysis holds true here. A reasonable factfinder could conclude that Officer Groce's conduct was willful and wanton and, thus, summary judgment is denied on this issue."

[3] "The Plaintiff argues that she complied with Indiana Code § 34-13-3-5(c) in making this allegation, and the Defendants fail to reply to this argument. . . . Thus, the Defendants have not demonstrated that the ITCA requires that the state law claims be dismissed against Detective Gulley."

[4] *Feldhake* cites § 34-13-3-5(a), which offers a similar scope-of-employment immunity to a "member of a board, a committee, a commission, an authority, or another instrumentality of a governmental entity." But *Feldhake* was a lawsuit against IDOC employees, and the discussion appears to center on § 34-13-3-5(b).

outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." I.C. § 34–13–3–5(c).

*Feldhake v. Buss*, 36 N.E.3d 1089, 1093 (Ind. Ct. App. 2015) (emphasis added); *see also Reed v. White*, 103 N.E.3d 657, 660 (Ind. Ct. App. 2018) ("[T]he State is correct that a government employee is immune from liability if the alleged conduct occurred within the scope of his employment," but "there was no basis in any IDOC policy for White and Chaney to have confiscated the crosses," and [t]he complaint is sufficient under Indiana Code Section 34–13–3–5(c) to require White and Chaney to respond thereto."); *Rightsell v. Indiana State Police*, No. 1:19-cv-04927-TWP-DML, 2021 WL 2686152, at *8 (S.D. Ind. June 30, 2021) (dismissing claim because plaintiff "failed to meet [the] strict pleading standard" of § 34-13-3-5(c)).

In short, judicial interpretations of the ITCA's scope-of-employment immunity are not uniform. Officer Cushingberry relies on dictum from *Ball*, which does not resolve the matter in his favor. The "assertion of immunity" under the ITCA "is an affirmative defense," *Reed*, 103 N.E.3d at 660, and Mr. Cushingberry has not carried his burden of demonstrating that it applies in this instance. This ruling does not preclude Officer Cushingberry from raising ITCA immunity as a defense at summary judgment. Accordingly, the motion to dismiss must be **denied**.

### IV. Conclusion

Officer Cushingberry's Partial Motion to Dismiss, dkt. [78], is **DENIED**. Defendant will have **fourteen days**, *see* Fed. R. Civ. P. 12(a)(4)(A), to file an amended answer or notice that his previous answer is unaffected by this ruling.

**IT IS SO ORDERED.**

Date:   3/11/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MARK E. BIDDLE
917 N Harrison St.
Rushville, IN 46173

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Brandon J. Kroft
CASSIDAY SCHADE LLP
bkroft@cassiday.com

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov